# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00016-MR

| | |
|---|---|
| CHRISTOPHER ANTHONY JUDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BUNCOMBE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on sua sponte review of the Complaint [Doc. 1].

The pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 on January 11, 2023, addressing incidents that allegedly occurred at the Buncombe County Detention Center in 2016 and in 2019. [Doc. 1 at 5, 13, 17].

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v.

City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991).  The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action"— in other words, when [he] could have "file[d] suit and obtain[ed] relief."  Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)).  Equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'"  Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

The statute of limitations is an affirmative defense that the defendant generally bears the burden of affirmatively pleading.  See Fed. R. Civ. P. 8(c)(1).  However, the statute of limitations may be addressed sua sponte where a complaint is filed in forma pauperis and the face of the complaint

plainly reveals the existence of such defense.  See <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953-54 (4th Cir. 1995).

It appears on the face of the Complaint that this action is subject to dismissal as time-barred because it was filed more than three years after the cause of action accrued.  The Court will afford the Plaintiff the opportunity to file a memorandum within 30 days of this Order explaining why his § 1983 Complaint is timely.  Failure to comply with this Order will likely result in the dismissal of this action with prejudice as time-barred without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have **thirty (30) days** from entry of this Order to file a memorandum explaining why his § 1983 Complaint is timely.  If Plaintiff fails to timely comply, the Complaint will likely be dismissed with prejudice as time-barred without further notice.

**IT IS SO ORDERED.** Signed: November 28, 2023

Martin Reidinger
Chief United States District Judge